J-A09013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KELVIN MANN | : | |
| | : | |
| Appellant | : | No. 1955 EDA 2021 |

Appeal from the PCRA Order Entered September 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003908-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KELVIN MANN | : | |
| | : | |
| Appellant | : | No. 1956 EDA 2021 |

Appeal from the PCRA Order Entered September 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003913-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KELVIN MANN | : | |
| | : | |
| Appellant | : | No. 1957 EDA 2021 |

Appeal from the PCRA Order Entered September 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009993-2008

BEFORE:    NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                                    **FILED MAY 24, 2022**

Appellant Kelvin Mann appeals[1] *pro se* from the order denying his Post Conviction Relief Act[2] (PCRA) petition as untimely.  Appellant argues that the PCRA court erred in denying his request to reinstate his PCRA rights *nunc pro tunc*.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See*** PCRA Ct. Op., 9/14/21, at 1-3.  Briefly, Appellant was convicted of attempted murder and related offenses in 2010.  On November 22, 2010, the trial court sentenced Appellant to a term of 18 to 40 years' incarceration.  On direct appeal, this Court affirmed Appellant's sentence, and on February 27, 2013, our Supreme Court denied further review.  ***See Commonwealth v. Mann***,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The record reflects that Appellant complied with ***Walker*** by filing a separate notice of appeal at each docket number.  ***See Commonwealth v. Walker***, 185 A.3d 969, 976 (Pa. 2018) (stating that when an order "resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed'" (quoting Pa.R.A.P. 341, Official Note)).  Although Appellant included all three lower court docket numbers on each separate notice of appeal, this does not run afoul of ***Walker***.  ***See Commonwealth v. Johnson***, 236 A.3d 63 (Pa. Super. 2020) (*en banc*) (stating that an appellant complies with ***Walker*** when she files a separate notice of appeal for each lower court docket number she wishes to appeal, even if each one of those separate notices of appeals contains multiple docket numbers).

[2] 42 Pa.C.S. §§ 9541-9546.

254 EDA 2011 (unpulished mem.) (Pa. Super. filed March 12, 2012), *appeal denied*, 63 A.3d 1245 (Pa. 2013).

Appellant filed a timely first *pro se* PCRA petition on March 18, 2013. The PCRA court appointed counsel, who filed a **Turner**/**Finley**[3] petition on Appellant's behalf. The PCRA court ultimately dismissed Appellant's PCRA petition and granted PCRA counsel leave to withdraw. **See** PCRA Ct. Order, 3/27/15. On appeal, this Court affirmed. **See Commonwealth v. Mann**, 1184 EDA 2015 (unpublished mem.) (Pa. Super. filed. Jan. 7, 2016). In 2016, Appellant filed a second PCRA petition, which the PCRA court dismissed as untimely. This Court affirmed the PCRA court's decision on appeal. **See Commonwealth v. Mann**, 4060 EDA 2017 (unpublished mem.) (Pa. Super. filed October 1, 2018).

On June 23, 2021, Appellant filed the instant PCRA petition, his third. Therein, Appellant requested that the PCRA court reinstate his timely 2013 PCRA petition *nunc pro tunc*. In support, Appellant claimed that he was left "effectively uncounseled" because PCRA counsel filed a **Turner**/**Finley** letter instead of an amended petition. **See** Appellant's PCRA Pet., 6/23/21, at 2.

On July 23, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's untimely petition without a hearing. Appellant filed a *pro se* response on August 17, 2021. On September 17, 2021, the PCRA court issued an order dismissing Appellant's petition. The PCRA court

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

also issued an opinion setting forth the reasons for concluding that Appellant's petition was untimely. *See* PCRA Ct. Op., 9/17/21.

Appellant filed a timely notice of appeal on September 24, 2021. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement and Appellant did not file one.

On appeal, Appellant raises the following issue:

Whether a court may reconsider a final order when the order was procured by fraud?

Appellant's Brief at 3.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgement of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered). If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Here, Appellant's judgment of sentence became final on May 28, 2013. Appellant's instant PCRA petition, filed on June 23, 2021, is therefore facially untimely. In his brief, Appellant does not claim that the instant petition is timely, nor does he attempt to invoke any of the PCRA's timeliness exceptions. Instead, Appellant argues that PCRA counsel committed fraud by concluding that Appellant's PCRA claims were meritless and filing a *Turner*/*Finley* petition instead of an amended PCRA petition. Appellant's Brief at 8-9. In light of this alleged fraud, Appellant contends that the PCRA court "retained jurisdiction to reconsider and correct [the 2013] PCRA order that denied PCRA relief, even after the 30-day appeal period." *Id.* at 9.

Because Appellant's petition is facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA, he has failed to meet the jurisdictional threshold for a court to consider the merits of these claims. *See Cox*, 146 A.3d at 227; *see also Brown*, 111 A.3d at 175. Therefore, the PCRA court correctly concluded that it did not have jurisdiction to review the merits of Appellant's petition. *See Lawson*, 90 A.3d at 4. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2022